## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CHARNICE TORNEY**, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | **Civil Action No. RWT 07-728** |
| | * | |
| **GEORGE SMITH et al.**, | * | |
| | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

On February 9, 2007, Plaintiff filed a complaint alleging discrimination, slander and unfair labor practices against the defendants.  Plaintiff's complaint alleges that she suffered injuries as a result of a fall sustained while she was working at a Wal-mart store on December 15, 2005.  After this injury, she did not return to work until December 28, 2005.  On her first day back, Plaintiff again was injured on the job when a filing cabinet fell on her head. Plaintiff alleges in her complaint that her co-workers and Wal-mart management were indifferent toward her purported injuries.  She also claims that the defendants discriminated against her and engaged in unfair labor practices.

Plaintiff's complaint was removed to this court on March 22, 2007.  On March 27, 2007, the Defendants filed a Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  Although advised to do so, Plaintiff has not opposed this motion.

## I.

When a Rule 12(b)(1) challenge is raised, the burden of proof is on the plaintiff to prove subject matter jurisdiction . Richmond, F. & P. R. Co. V. United States, 945 F.2d 765, 768 (4th Cir. 1991).  The Fourth Circuit has also clearly stated that "federal courts are without jurisdiction

to hear frivolous constitutional claims.  Davis v. Pak, 856 F.2d 648, 651 (4th Cir. 1988).

As the defendants have noted in this case, the plaintiff has failed to plead a legitimate claim of discrimination pursuant to federal law because she has not exhausted her administrative remedies. 42 U.S.C. § 2000 et seq. Discrimination claims must be raised before the Equal Employment Opportunity Commission ("EEOC") before they can be brought pursuant to Title VII. Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000), Sloop v. Memorial Mission Hospital, Inc., 198 F.3d 147, 148-49 (4th Cir.1999)(calling the exhaustion requirement of Title VII "axiomatic," and stating that federal claims outside the scope of an EEOC investigation are "procedurally barred"). Because Plaintiff has failed to file a charge of discrimination with the EEOC prior to instituting this action, her discrimination claim must be dismissed according to Rule 12(b)(1) as this Court lacks jurisdiction to hear this claim.

## II.

Pursuant to Rule 12(b)(6), the Court must dismiss a claim if it fails to state a claim upon which relief can be granted.  Plaintiff's additional claims for slander and unfair labor practices are governed by this standard.  Maryland law requires that claims for assault, libel or slander be brought within one year after the plaintiff knew or reasonably should have known about the alleged defamatory act. Md. Cts. & Jud. Proc. Code §5-105. In this case, Plaintiff challenges the defendants' conduct from December 2005, yet she did not file suit until February, 2007. Thus her slander claim is time barred under the Maryland Code.  Id.

Plaintiff's claim alleging unfair labor practices must also be dismissed because the defendants did not need "just cause" to terminate her employment.  In Maryland, employment is generally at-will and thus can be "legally terminated at the pleasure of either party at any time."

<u>Adler v. American Standard Corp.</u>, 291 Md. 31, 35 (1981).  While Maryland recognizes a "narrow exception" to at-will employment for public policy reasons, the  Plaintiff has not identified any public policy that would support application of this exception here.[1]  Id. at 473.

Lastly, construing Torney's allegations as a tort claim against the defendants, the motion must still be granted because the Maryland Worker's Compensation Act provides the exclusive remedy for employee injuries arising out of and in the course of employment. Md. Code Ann., Lab. & Emp. § 9-501 <u>et seq.</u>, <u>Hughes v. Domino's Pizza, Inc.</u>, 2000 U.S. Dist. LEXIS 5780, *29 n. 10 (D. Md. Mar. 10, 2000), <u>Demby v. Preston Trucking Co., Inc.</u>, 961 F. Supp. 873, 881 (D. Md. 1997).

Accordingly, the Court will, by separate order, grant the defendants' motion to dismiss.

_____/s/_____

ROGER W. TITUS
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's complaint claims that the defendants handled her injuries dispassionately. Such treatment, even if true, is not a basis for the public policy exception to at-will employment in Maryland. <u>Cf.</u> <u>Adler</u>, 291 Md. at 35-40 (noting that under Article 49B of the Maryland Code, it is against public policy "for an employer to discharge any employee because of ... race, color, religion, sex, age, national origin, marital status, or physical or mental handicap," or to discharge an employee who misses work because of jury service, or who reports an employer's criminal activity).